**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

VITALII ISAEV,

Petitioner,

v. Case No. 3:26-cv-3042-TJC-PDB

WARDEN, NORTH FLORDA
DETENTION CENTER, et al.,

Respondents.

---

**ORDER**

On November 4, 2026, Petitioner Vitalii Isaev, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus. (Doc. 1). Respondents filed a Response (Doc. 8), and Petitioner replied. (Doc. 9).

On January 26, 2020, Petitioner, a native of Russia, applied for admission to the United States at the Hidalgo, Texas port of entry. (Docs. 8 at 1; 9 at 3). An immigration judge determined that he had established a significant possibility of persecution or torture if removed to Russia. (Doc. 8 at 2). Petitioner was then placed in removal proceedings under § 240 of the Immigration and Nationality Act. (Id.). On September 8, 2020, an immigration judge denied his applications for relief from removal and ordered him removed to Russia. (Id.). On March 5, 2021, the Board of Immigration Appeals (BIA) reversed and

remanded for additional proceedings. (Id.). A few days later, Petitioner was released on an order of recognizance pursuant to a preliminary injunction in a class action lawsuit applying to all immigration detention facilities in the United States during the COVID-19 pandemic. (Id.) (citing Fraihat v. U.S. Immigr. & Customs Enf't, 445 F. Supp. 3d 709 (C.D. Cal. 2020), rev'd and remanded, 16 F.4th 613 (9th Cir. 2021)). After his release in March 2021, Petitioner "remained outside immigration detention" for several years. (Doc. 9 at 3). During that time, he resided with his spouse and U.S. citizen child. (Doc. 1 at 5). On October 14, 2026, Petitioner was encountered and detained by law enforcement; he was taken into Immigration and Customs Enforcement (ICE) custody two days later. (Doc. 8 at 2).

Petitioner argues primarily that he is not subject to mandatory detention under 8 U.S.C. § 1225(b). (Docs. 1 at 13; 9 at 4). In support, Petitioner points to the Eleventh Circuit decision in Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026), which held that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." As relief, he seeks immediate release or in the alternative, a constitutionally adequate individualized custody hearing. (Doc. 9 at 15). Respondents argue that Petitioner is subject to mandatory detention under § 1225(b)(1) as an alien subject to expedited removal. (Doc. 8 at 3). However, Respondents acknowledge the Hernandez Alvarez decision, and

alternatively argue that if the Court determines that Petitioner is not subject to detention under § 1225(b)(1), then the proper remedy is a bond hearing, not release. (Id. at 8).

Section 1225(b)(1) provides for expedited removal proceedings in the case of "arriving" aliens or aliens "described in clause (iii)." The latter category of aliens is defined as those

> who ha[ve] not been admitted or paroled into the United States, and who ha[ve] not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under this subparagraph.

8 U.S.C. § 1225(b)(1)(A)(iii)(II).

First, Petitioner does not qualify as an arriving alien. When ICE detained Petitioner in October 2026, he had been present in the United States for several years. As both parties acknowledge, the Eleventh Circuit recently concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026) (emphasis added). Although Hernandez Alvarez did not directly address the circumstance of a petitioner who was detained for expedited removal proceedings years after his initial entry into the United States, Petitioner was not seeking entry at the border when he was re-detained. See id. at 1285 (recognizing the "longstanding

border-interior distinction" for purposes of immigration detention that Congress preserved in the INA). While Petitioner could have been considered an arriving alien in 2020, Respondents released him on his own recognizance.

Second, Petitioner does not fall into the other category of aliens described above. He was paroled into the United States in 2021. See Alfonso v. Current Warden, Miramar ICE Field Off., 831 F. Supp. 3d 1251, 1258 (S.D. Fla. 2026) (noting petitioner's release on his own recognizance "is necessarily a form of parole").[1] He had been continuously present in the United States for several years when he was detained in 2026 for expedited removal proceedings. See id. at 1259. For these reasons, Petitioner is not properly detained under § 1225(b). Hernandez Alvarez, 175 F.4th at 1285 ("Simply put, the language that Congress has chosen to use does not grant to the Executive unfettered authority to detain, without the possibility of bond, every unadmitted alien present in the country."). The appropriate remedy is for Respondents to provide Petitioner with a meaningful bond hearing before an immigration judge, consistent with the regulations implementing § 1226(a). See Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§

[1] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004).

236.1(d)(1), 1236.1(d)(1)). If Respondents do not provide Petitioner with a meaningful bond hearing that complies with the requirements below, he must be released from custody.

Since the Court will grant the Petition based on Count One, it does not, and need not, address Petitioner's other claims and arguments. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").[2]

Accordingly, it is hereby

**ORDERED**:

1. Vitalii Isaev's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**. No later than **November 25, 2026**, Respondents shall either (1) provide Petitioner with an individualized bond hearing before an immigration judge or (2) release Petitioner from custody.

2. If Respondents provide Petitioner with an individualized bond hearing, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by Petitioner and the factors announced in In re Guerra, 24 I&N Dec. 37 (BIA

[2] For example, the Court declines to address Petitioner's due process arguments.

2006). Furthermore, Petitioner's counsel must be given **48 hours advance notice** of the hearing.

3. If Respondents release Petitioner, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

4. No later than **November 30, 2026**, Respondents **shall FILE** a copy of the immigration judge's order following Petitioner's individualized bond hearing or inform the Court that he has been released from custody.

5. Respondent Warden, North Florida Detention Center's Motion to Dismiss (Doc. 7) is **DENIED as moot.**

6. The Clerk shall **enter judgment** granting the Petition and **close** the file.

7. The Court **retains jurisdiction** to effectuate this Order.

**DONE AND ORDERED** in Jacksonville, Florida this 18th day of November, 2026.

TIMOTHY J. CORRIGAN
Senior United States District Judge

hms. Copies:

Counsel of record